Jack P. Burden, Esq.
Nevada State Bar No. 6918
Jacquelyn Franco, Esq.
Nevada State Bar No. 13484
**BACKUS, CARRANZA & BURDEN**
3050 South Durango Drive
Las Vegas, NV 89117
(702) 872-5555
(702) 872-5545
jburden@backuslaw.com
Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHONNELL TYSON, an individual, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| ALBERTSON'S LLC, a foreign limited liability company, a foreign limited-liability company; DOES 1 through 10; and ROE ENTITIES 11 through 20, inclusive jointly and severally, | ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant Albertson's LLC ("Defendant"), by and through its counsel of record, the law firm of BACKUS, CARRANZA & BURDEN, hereby file this instant notice of removal of this action to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof, state as follows:

### I.

### FACTUAL AND PROCEDURAL HISTORY

1. Plaintiff SHONNELL TYSON ("Plaintiff") is and was a resident of the State of Nevada. *See* Complaint filed in the Eighth Judicial District Court for Clark County, Nevada, at ¶ 1, attached as Exhibit A.

2. Defendant Albertson's LLC is a company organized, existing, and doing business

under and by virtue of the laws of the State of Delaware, with its headquarters and principal place of business in the State of Idaho.

3. Plaintiff's Complaint was filed in the Eighth Judicial District Court for Clark County, Nevada on or about June 21, 2022. *See* Exhibit A.

4. The Summons and Complaint were served on Defendant on June 21, 2022. *See* Summons, attached as Exhibit B.

5. Defendant became aware of the grounds for removal of this action upon Plaintiff's filing of a Request for Exemption from Arbitration, on August 22, 2022. *See* Exhibit C.

6. Plaintiff's action alleges that on or about August 4, 2020, Plaintiff slipped and fell at an Albertson's grocery store located at 5500 Boulder Highway, Las Vegas, Nevada 89122. *See* Exhibit A at ¶¶ 13, 15.

7. Plaintiff asserts against Defendant causes of action for "Negligence," "Vicarious Liability," and "Negligent Hiring, Training, Supervision and Retention." *See* Exhibit A at ¶¶ 20-41.

8. In Plaintiff's Request for Exemption from Arbitration, Plaintiff claims past medical expenses of $29,588. *See* Plaintiff's Request for Exemption from Arbitration, attached as Exhibit C.

9. In Plaintiff's Request for Exemption from Arbitration, Plaintiff claims to be "gathering a number of bills" including "those related to her shoulder surgery, thumb surgery, and cervical injections." *See* Exhibit C.

10. In Plaintiff's Request for Exemption from Arbitration, Plaintiff claims to be actively treating for injury, including cervical injections received as recent as August of 2022. *See* Exhibit C.

11. In Plaintiff's Request for Exemption from Arbitration, Plaintiff claims to have sustained "significant wage loss" due to the subject incident. *See* Exhibit C.

12. In Plaintiff's Request for Exemption from Arbitration, Plaintiff is seeking "damages for personal injuries, wage loss, past pain and suffering, emotional distress, and future treatment and related pain and suffering." *See* Exhibit C.

## II.

## **DIVERSITY JURISDICTION**

13. Pursuant to 28 U.S.C. 1332(a), a federal court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the controversy is between "citizens of different states." *See* 28 U.S.C. § 1332(a).

14. Pursuant to 28 U.S.C. § 1332(a)(1), this case may be removed to the United States District Court for the District of Nevada because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

15. There is complete diversity of citizenship in this matter, as Plaintiff is a citizen of Nevada and Defendant is a citizen of Idaho and/or Delaware. *See* 28 U.S.C. § 1332(c).

16. It is more likely than not that the amount in controversy will exceed $75,000. The preponderance of evidence demonstrates that the amount in controversy can easily be reached based on the following factors: (1) Plaintiff currently has over $29,000 in medical expenses; (2) Plaintiff is additionally seeking "significant" wage loss and special damages for lost earning capacity; (3) Plaintiff seeks general damages in excess of $15,000; (4) Plaintiff is actively and continually treating for alleged injuries; (5) Plaintiff seeks interest at the statutory rate. Therefore, it is more likely than not that the factors addressed above meet the requisite amount in controversy under 28 U.S.C. § 1332(a).

17. Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

18. Defendant respectfully requests this matter be removed to the United States District Court for the District of Nevada.

## III.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

19. 28 U.S.C. § 1446(b)(1) states: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

20. If the case stated by the initial pleading is not initially removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. *See* 28 U.S.C. § 1446(b)(3).

21. This instant Notice for Removal was timely filed within 30 days after Defendant was served with Plaintiff's Request for Exemption from Arbitration, on August 22, 2022. Plaintiff's Request for Exemption from Arbitration is the "pleading, motion, or other paper" from which Defendant was able to ascertain that this case was removable. *See* Exhibit C.

22. 28 U.S.C. § 1446(c)(2)(A)(ii) provides that for removal based on diversity jurisdiction, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy except when the initial pleading seeks a monetary judgment, but the State practice, such as in Nevada, either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded. *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

23. This Court has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties and there is more than $75,000 in controversy, exclusive of interest and costs.

24. Pursuant to 28 U.S.C. § 1441, this action is one which may be removed to this

4

Court.

25. Pursuant to 28 U.S.C. § 1446(c)(1), the date for removal is not more than one year after June 21, 2022, the commencement of this action.

26. A true and correct copy of this Notice of Removal will be filed with the Clerk for the Eighth Judicial District Court, Clark County, Nevada.

27. Pursuant to 28 U.S.C. § 1446, a true and correct copy of all process, pleadings, and orders served upon Defendant in the state court are attached hereto. *See* Plaintiff's Complaint, attached as Exhibit A, Summons attached as Exhibit B, Plaintiff's Request for Exemption from Arbitration, Exhibit C, Defendant Albertson's LLC Answer attached as Exhibit D, Defendant Albertson's LLC Demand for Jury Trial attached as Exhibit E, Defendant Albertson's LLC Initial Appearance Fee Disclosure attached as Exhibit F, and Plaintiff's Three-Day Notice of Intent to Default, attached as Exhibit G.

28. Therefore, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant is entitled to remove this action to this Court.

**PRAYER**

29. WHEREFORE, Defendant prays that the above-entitled action be removed from the eighth Judicial District Court in and for Clark County, Nevada.

DATED this 30th day of August, 2022.

        Respectfully Submitted,
        **BACKUS, CARRANZA & BURDEN**

By:   /s/ Jack P. Burden
       Jack P. Burden, Esq.
       3050 South Durango Drive
       Las Vegas, NV 89117
       *Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I am a resident of and employed in Clark County, Nevada. I am over the age of 18 years and not a party to the within action. My business address is: 3050 South Durango Drive, Las Vegas, Nevada, 89117.

On August 30, 2022, I served this document on the parties listed on the attached service list via one or more of the methods of service described below as indicated next to the name of the served individual or entity by a checked box:

**VIA U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**VIA FACSIMILE:** by transmitting to a facsimile machine maintained by the attorney or the party who has filed a written consent for such manner of service.

**BY PERSONAL SERVICE:** by personally hand-delivering or causing to be hand delivered by such designated individual whose particular duties include delivery of such on behalf of the firm, addressed to the individual(s) listed, signed by such individual or his/her representative accepting on his/her behalf. A receipt of copy signed and dated by such an individual confirming delivery of the document will be maintained with the document and is attached.

**BY E-MAIL:** by transmitting a copy of the document in the format to be used for attachments to the electronic-mail address designated by the attorney or the party who has filed a written consent for such manner of service.

**BY ELECTRONIC MEANS:** by electronically filing and serving with the court's vendor.

| ATTORNEYS OF RECORD | PARTIES REPRESENTED | METHOD OF SERVICE |
|---|---|---|
| David D. Boehrer, Esq.<br>Nevada Bar No. 9517<br>Travis J. Rich, Esq.<br>Nevada Bar No. 12854<br>DAVID BOEHRER LAW FIRM<br>375 N. Stephanie Street, Suite 711<br>Henderson, Nevada 89014<br>Tel: (702) 750-0750; Fax: (702) 750-0751<br>david@dblf.com; travis@dblf.com | Plaintiff | ☐ Personal service<br>☐ Email service<br>☐ Fax service<br>☐ Mail service<br>☒ Electronic Means |

I declare that under penalty of perjury under the laws of the State of Nevada that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/Anne Raymundo
An employee of BACKUS, CARRANZA & BURDEN

6