# Exhibit A

## Plaintiff's Complaint

Electronically Filed
6/21/2022 11:29 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
David D. Boehrer, Esq.
Nevada Bar No. 9517
Travis J. Rich, Esq.
Nevada Bar No. 12854
**DAVID BOEHRER LAW FIRM**
375 N. Stephanie Street, Suite 711
Henderson, Nevada 89014
(702) 750-0750
david@dblf.com; travis@dblf.com
*Attorneys for Plaintiff*

CASE NO: A-22-854366-C
Department 4

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

SHONNELL TYSON, an individual,

    Plaintiff,

vs.

ALBERTSON'S LLC, a foreign limited-liability company, a foreign limited-liability company; DOE INDIVIDUALS 1 through 10; and ROE ENTITIES 11 through 20, inclusive jointly and severally,

    Defendants.

Case No.
Dept. No.

**COMPLAINT**

COMES NOW, Plaintiff, SHONNELL TYSON, by and through her attorney of record, TRAVIS J. RICH, ESQ. of the DAVID BOEHRER LAW FIRM, and for her causes of action against Defendants, and each of them, alleges as follows:

1. That at all times relevant herein, Plaintiff, SHONNELL TYSON (hereinafter "Plaintiff"), is and was a resident of Clark County, Nevada.

2. That at all times relevant herein, upon information and belief, Defendant, ALBERTSON'S LLC (hereinafter "Defendant"), is and was a foreign limited-liability company that systematically and continuously conducted at all times relevant herein and presently conducts business in Clark County, Nevada.

3. That all the facts and circumstances that gave rise to the subject lawsuit occurred in Clark County, Nevada.

4. That the identities of Defendant DOE INDIVIDUALS 1 through 10 and ROE ENTITIES 11 through 20 are presently unknown at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff requests leave of the Court to amend this Amended Complaint to specify the DOE and ROE Defendants when their identities become known.

5. That Defendant DOE INDIVIDUALS 1 through 10 and ROE ENTITIES 11 through 20 are individuals, corporations, associations, partnerships, subsidiaries, holding companies, owners, predecessor or successor entities, joint venturers, parent corporations or related business entities of Defendant, inclusive, who were acting on behalf of or in concert with, or at the direction of Defendant, and are responsible for the injurious activities of the other Defendants.

6. At all material times, Defendant DOE INDIVIDUALS 1 through 10 and ROE ENTITIES 11 through 20 were individuals and/or entities who were and are agents, masters, servants, employers, employees, joint ventures, representatives and/or associates of Defendant with the consent, knowledge, authorization, ratification and permission of each other. At all times relevant hereto, Defendant DOE INDIVIDUALS 1 through 10 and ROE ENTITIES 11 through 20 engaged in concerted acts and/or were responsible for the acts and/or omissions of themselves and each other Defendant.

7. Upon information and belief, Defendant owned, operated, designed, maintained, managed and/or controlled the store wherein the subject incident occurred. However, if discovery shall prove otherwise, Plaintiff reserves the right to amend ROE ENTITY 11 to the correct entity that owned, operated, designed, maintained, managed and/or controlled the subject store.

8. That each DOE and/or ROE Defendant negligently, willfully, intentionally, recklessly, vicariously, or otherwise, caused, directed, allowed or set in motion the injurious events set forth herein.

9. That each DOE and/or ROE Defendant is legally responsible for the events and happenings stated in this Amended Complaint, and thus legally and proximately caused injury and damages to Plaintiff.

10.     Plaintiff has found it necessary to retain the services of an attorney to prosecute this action and is therefore entitled to reasonable attorney's fees and costs of suit incurred herein.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over Defendant since Defendant conducted and continues to conduct continuous and systematic business in Clark County, Nevada. Defendant purposely availed itself to the benefits and protections of Nevada's laws by operating within the state. Furthermore, this case involves damages in an amount in excess of $15,000.00. Venue is proper in Clark County, as the subject incident and conduct of Defendant occurred within Clark County, Nevada.

## FACTS COMMON TO ALL COUNTS

12.     Plaintiff repeats, realleges, and incorporates by reference herein paragraphs 1 through 11 of the general allegations as though fully set forth at this time.

13.     On or about August 4, 2020, Plaintiff was a patron, guest and/or invitee at the Albertsons grocery store located at 5500 Boulder Highway, Las Vegas, Nevada 89122 (hereinafter "the Premises").

14.     Upon information and belief, the Premises are owned, operated, designed, maintained, managed and/or controlled by Defendant and related unknown entities designated as ROE ENTITIES 11 through 20.

15.     When walking on the Premises in the area open and accessible to the public, Plaintiff unknowingly stepped on an unknown liquid on the ground, causing her to slip and fall hard to the ground.

16.     Defendant failed to display any warning signs in the area or give any verbal warning to Plaintiff as to the dangerous condition of liquid on the floor.

17.     Upon information and belief, Defendant's negligence created and/or caused the dangerous condition of liquid on the floor.

18.     Defendant knew or should have known of the dangerous condition of liquid on the floor and the risk of harm it presented to an unsuspecting person such as Plaintiff through actual and/or constructive notice.

19. Defendant failed to rectify the dangerous condition of liquid on the floor.

## FIRST CAUSE OF ACTION: NEGLIGENCE

20. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 19 as though fully set forth herein.

21. The negligence and carelessness of Defendant and unknown related entities designated as ROE ENTITIES 11 through 20, and each of them, includes, but is not limited to, the following: (a) failure to properly inspect, maintain and/or control the premises, so as to prevent unreasonably dangerous conditions; (b) failure to warn Plaintiff of the existing dangers; (c) failure to use feasible and reasonable means to avoid hazards; and (d) failure to instruct, train, control, and/or supervise employees, and prevent them from causing and/or preventing dangerous conditions.

22. As a result of the above-described incident, Plaintiff sustained bodily injuries, necessitating medical treatment for his injuries, all of which conditions may be permanent and disabling in nature, and all to her general damages to be shown at time of trial, in excess of $15,000.00.

23. As a result of the above-described incident, Plaintiff experienced physical and mental pain and suffering, both past and future, in an amount to be proven at time of trial, in excess of $15,000.00.

24. As a direct and proximate result of Defendants' negligence, Plaintiff suffered great physical and mental pain, anxiety, inability to work, loss of income (past and future), loss of earning capacity, and other damages, and will continue to do so in the future, in excess of $15,000.00.

## SECOND CAUSE OF ACTION: VICARIOUS LIABILITY

25. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 24 as though fully set forth at this time.

26. Defendants, including DOE INDIVIDUALS 1 through 10 and ROE ENTITIES 11 through 20, were agents and/or employees of Defendant, and at all times relevant herein, were acting within the course and scope of such agency and/or employment, and, as such, Defendant

shall be liable to Plaintiff for Plaintiff's injuries and damages pursuant to Nevada law, including but not limited to, NRS 41.130, in an amount in excess of $15,000.00.

### THIRD CAUSE OF ACTION: NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

27. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 26 as though fully set forth at this time.

28. Defendants were negligent in the selection, hiring, training, supervision and/or retention of other Defendants, including DOE INDIVIDUALS 1 through 10 and ROE ENTITIES 11 through 20, and of Defendants' employees and/or independent contractors at all times relevant herein.

29. Defendants knew or reasonably should have known that management was engaging in wrongful protocol, maintenance and cleaning, security, safety and/or supervision of the area at issue and were unfit for their management position.

30. Defendants' management employees engaged in actions, including but not limited to, lack of establishing a policy, deficient in directing employees to reasonably and prudently sweep, inspect, maintain, control, and clean the Premises where multiple patrons would be known to walk.

31. At all material times, Defendants knew, or reasonably should have known, that the conduct, acts or failures to act of management, and the conduct, acts or failures to act of other employees or agents of Defendants, including DOE INDIVIDUALS 1 through 10 and ROE ENTITIES 11 through 20, that managed and supervised were directly responsible for the injuries to Plaintiff.

32. At all material times, Defendants knew, or reasonably should have known, that the incidents and conduct of management and other employees described above, would and did proximately result in injuries and damages to Plaintiff, including but not limited to, mental anguish and emotional distress, in an amount in excess of $15,000.00.

33. At all material times, Defendants knew, or in the exercise of reasonable care should have known, and could have reasonably foreseen, that unless Defendants intervened to protect

Plaintiff, and/or to adequately supervise, control, regulate, train, discipline, and/or otherwise penalize the conduct, acts, and failures to act, and/or terminate the employment of managers or employees who failed to act, such conduct would continue, thereby subjecting Plaintiff to injury and severe emotional distress, and would have the effect of encouraging, ratifying, condemning, exacerbating, increasing, and worsening the conduct, acts, and failures to act described above.

34. At all times Defendants had the power, ability, authority and duty to intervene, supervise, train, prohibit, control, regulate, discipline and/or penalize the conduct and/or terminate the employment of Defendants and other agents or employees described above.

35. Defendants willfully, recklessly, and/or negligently failed to act so as to prevent, supervise, train, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act, or otherwise protect Plaintiff.

36. Defendants willfully, recklessly and/or negligently retained management when it knew or should have known they were unfit for their position. Further, Defendants willfully, recklessly, and/or negligently retained other agents, managers, and/or employees who failed to take action against managers for their wrongful conduct.

37. As a direct and proximate result of the failure of Defendants to protect Plaintiff, and to adequately supervise, train, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act and/or terminate the employment these managers and other employees, such conduct, acts and failures to act had the effect of ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening such conduct, acts, and or failures to act.

38. As a direct and proximate result of Defendants' acts in, among other things, failing to supervise or train its agents and employees, and its retention of management and others, Plaintiff has suffered, and continues to suffer, severe emotional distress and has incurred, and continues to incur, special, general, and compensatory damages.

39. Pursuant to NRS 41.130, or alternatively, under the doctrine of "respondent superior," Defendants are liable to Plaintiff for their management's wrongful and tortuous acts.

40. Plaintiff has suffered, and continues to suffer, severe mental anguish, emotional distress, and physical injury.

41. As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff suffered, and continues to suffer, special, general and compensatory damages in excess of $15,000.00.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

1. General damages in an amount in excess of $15,000.00;
2. Special damages for medical and incidental expenses incurred and to be incurred;
3. Special damages for lost earnings and earning capacity;
4. Attorneys' fees and costs of suit incurred herein; and
5. For such other further relief as this Court may deem just and proper.

DATED this 21st day of June, 2022.

**DAVID BOEHRER LAW FIRM**

By: _____
DAVID D. BOEHRER, ESQ.
Nevada Bar No. 9517
TRAVIS J. RICH, ESQ.
Nevada Bar No. 12854
375 N. Stephanie Street, Suite 711
Henderson, Nevada 89014
(702) 750-0750
*Attorneys for Plaintiff*